UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CR-36-BR
No. 7:17-CV-79-BR

| | |
|---|---|
| NICHOLAS ANTWAN LEGGETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion pursuant to 28 U.S.C. § 2255. (DE # 37.) The government has filed a response to the motion. (DE # 38.)

By way of background, on 28 October 2003, petitioner pled guilty to one count of being a felon in possession of ammunition, and on 8 March 2004, the court sentenced petitioner to 120 months imprisonment and three years supervised release. Petitioner did not appeal. Petitioner's term of supervised release began 25 February 2014.[1]

On 19 April 2017, petitioner filed the instant motion. His sole claim is that he is actually innocent of being a felon in possession of ammunition in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Mot., DE # 37, at 5.) He requests that his sentence be vacated, the indictment be dismissed, and his immediate release be ordered. (Id. at 13.) The government

> concedes that Petitioner's challenge to his felon in possession
> offense is cognizable on collateral review. Further, in conformity
> with its policy, [the government] hereby waives reliance on all

---

[1] On 2 February 2017, U.S. Probation filed a motion for revocation, and a warrant for petitioner's arrest issued that same day. On 13 April 2017, petitioner was arrested. The revocation hearing is set for 1 May 2017. Although petitioner's term of supervised release has expired, the court retains jurisdiction for a reasonably necessary period. See 18 U.S.C. § 3583(i).

> procedural defenses, including the statute-of-limitations defense (28 U.S.C. § 2255(f)) and other affirmative defenses that might preclude relief. Upon review of Petitioner's motion and relevant documentation, [the government] agrees that Petitioner has stated a meritorious claim of actual innocence as to his felon in possession charge . . . . [The government] agrees that Petitioner's conviction for felon in possession of a firearm [sic] should be vacated . . . .

(Resp., DE # 38, at 2-3.)

Accordingly, the § 2255 motion is GRANTED. The judgment entered 16 March 2004 is hereby VACATED, and the revocation hearing is TERMINATED.

This 20 April 2017.

_____
W. Earl Britt
Senior U.S. District Judge